[Crim. No. 8726. Second Dist., Div. Three. Oct. 8, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. DAVID PARIS, Defendant and Appellant.

John J. Bradley and Max Solomon for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Lawrence R. Tapper, Deputy Attorney General, for Plaintiff and Respondent.

FORD, J.—In a nonjury trial the defendant was found guilty of violating subdivisions 1 and 3 of section 337a of the Penal Code. His motion for a new trial was denied. Probation was denied. On each count the punishment imposed was imprisonment in the county jail for a term of three months, the sentences to be served concurrently. The appeal is from the judgment.[1]

The evidence which relates to the sole contention made by

---

[1]In the notice of appeal it is stated that the defendant also appeals from the order denying his motion for a new trial. In the present case, however, that order is not appealable. (Pen. Code, § 1237.)

the defendant on this appeal will be stated. Charles E. Helgedalen, a police officer for the City of Los Angeles, related a conversation with the defendant in which he told the defendant that he wanted to place certain bets on horse races. He gave the defendant a five-dollar bill, the serial number of which he testified was L90064744B. He next saw the defendant at the police headquarters. The defendant was searched and the five-dollar bill was recovered. The officer had not made a written memorandum of the serial number, but he remembered it.[2] The particular bill was not retained as evidence against the defendant but was returned by the officer to the secret service fund.

At the trial the defendant made a motion to suppress all evidence relating to the five-dollar bill on the ground that under the circumstances there was, in effect, a destruction of material evidence. The motion was denied. Thereupon the defendant testified on his own behalf and denied that he had taken any wager or received any money from Officer Helgedalen. He stated that he had not seen the officer before the occasion of the preliminary hearing.

The defendant contends that he was denied a fair trial and due process of law because of the officer's conduct in ''deliberately disposing of the alleged five-dollar bill'' to which the officer made reference in his testimony. He argues that the absence of the bill adversely affected his right to test the credibility of the officer on cross-examination. But if the conduct of the officer be considered to have been tantamount to a destruction of the money, the ruling of the trial court was in harmony with the applicable law relating to proof of the contents of a writing. The evidence supported the inference that the officer, in returning the money to the secret service fund, acted in good faith and not for the purpose of suppressing the truth or depriving the defendant of evidence. Under such circumstances the trial court was justified in permitting secondary evidence as to the serial number for the purpose of identifying the bill. (See 4 Wigmore, Evidence (3d ed.) § 1198; McCormick, Law of Evidence, § 201, p. 414; McBaine, California Evidence Manual (2d ed.) § 1101; *Guardianship of Levy,* 137 Cal.App.2d 237, 249-250 [297 P.2d 320]; cf. *McDonald* v. *United States,* 89 F.2d 128, 136-

---

[2]Pursuant to stipulation, the testimony of the officer received at the trial was that contained in the transcript of the preliminary hearing. The offenses were alleged to have occurred on June 28, 1962. The preliminary hearing was held on August 8, 1962.

138.) The defendant's contention is not sufficient to warrant a determination that there was prejudicial error in the course of the trial.

The appeal from the order denying the motion for a new trial is dismissed.

The judgment is affirmed.

Shinn, P. J., and Files, J., concurred.